**SO ORDERED.**

**SIGNED this 21 day of October, 2013.**



_____
**A. Thomas Small**
**United States Bankruptcy Court Judge**

_____


```
           UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF NORTH CAROLINA
                   RALEIGH DIVISION


IN RE:

CHRISTOPHER DEVON EDWARDS,           CASE NO. 13-02217-8-ATS
                                     CHAPTER 13
        DEBTOR.
```
_____

```
CHRISTOPHER DEVON EDWARDS,

        PLAINTIFF,

v.                                   ADVERSARY PROCEEDING
                                     NO. 13-00078-8-ATS

VANDERBILT MORTGAGE & FINANCE,
INC., and PAUL GIBSON,

        DEFENDANTS.
```

**ORDER ALOWING MOTION TO COMPEL AND TO STAY PROCEEDINGS**

The matter before the court in this adversary proceeding brought by the chapter 13 debtor, Christopher Devon Edwards, against Vanderbilt Mortgage and Finance, Inc. and Paul Gibson to recover damages for violations of the North Carolina Fair Debt

1

Collection Practices Act is the defendants' motion to compel arbitration and to stay the proceeding.  A hearing was held on October 17, 2013, in Raleigh, North Carolina.  The motion will be allowed.

   Mr. Edwards filed a petition for relief under chapter 13 of the Bankruptcy Code on April 5, 2013, just prior to April 8, 2013, the expiration date of the upset bid period in connection with a foreclosure sale initiated by Vanderbilt.  Vanderbilt filed a proof of claim (Proof of Claim # 1) in which it asserts a secured claim of $70,945.03 secured by a lien on the debtor's mobile home and the debtor's real property.  The claim arises from a retail installment sale to Mr. Edwards by Clayton Homes of a 2010 Clayton Mobile Home.  The documentation for this transaction includes a retail installment sales contract, a North Carolina Department of Motor Vehicles certificate of title for the mobile home showing the lien, and a deed of trust which states that it secures a promissory note (although the note was not provided with the proof of claim).  The retail installment sale contract was assigned to Vanderbilt which, after Mr. Edwards defaulted in his payments, began the foreclosure that precipitated the chapter 13 petition.

   The debtor in his adversary proceeding contends that Vanderbilt and its agent Mr. Gibson engaged in violations of North Carolina General Statutes §§ 75-51 through 54 by making

2

harassing phone calls that caused an employment demotion and loss of pay, mental and emotional distress, panic attacks, and medical expenses.  The debtor maintains that these actions also constitute unfair and deceptive trade practices under North Carolina General Statue § 75-1.1 and that damages should be trebled.

The defendants maintain that pursuant to the terms of the retail installment sales contract Mr. Edwards must pursue his claim through arbitration and have requested that this proceeding be stayed and the debtor be compelled to seek relief through arbitration.

The retail installment sales contract that was assigned to Vanderbilt contains a broad arbitration requirement.  The contract provides that the parties

> agree to mandatory, binding arbitration ("Arbitration")of all disputes, claims, controversies, grievances, causes of action, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims, and where applicable, administrative law claims, and any other matter in question ("Claims") arising from or relating to this Contract, any products/goods, services, insurance, or real property (including improvements to real property) sold or financed under this Contract, any events leading up to this Contract, the collection and servicing of the Contract, . . .

This language is broad enough to encompass the complained of collection activities of Vanderbilt and its agent.

3

Arbitration is favored, but there are circumstances where there is "an inherent conflict between arbitration and the underlying purposes of the bankruptcy laws" and in such circumstances the proceeding should be decided by the bankruptcy court rather than by an arbitrator.  In re White Mountain Mining Co., L.L.C., 403 F.3d 164, 169 (4th Cir. 2005).  When "a core proceeding is at issue, the policy in favor of centralized determination in the bankruptcy court generally prevails."  TP, Inc. v. Bank of America, N.A. (In re TP, Inc.), 479 B.R. 373, 382 (Bankr. E.D.N.C. 2013).  An exception to that rule is where the "core proceeding" is an unconstitutional core proceeding such as that in Stern v. Marshall, 131 S. Ct. 2594 (2011). Id. 28 U.S.C. § 157(b)(2)(C) provides that "core proceedings" include "counterclaims by the estate against persons filing claims against the estate."  Stern involved a "core proceeding" regarding a counterclaim against a person who filed a claim against the estate.  However, the proceeding in Stern was an unconstitutional core proceeding because the counterclaim was based on state law and would not be resolved in the claims allowance process.  Consequently, the matter could not be finally determined by a bankruptcy judge.  When an unconstitutional core proceeding as in Stern is implicated, the arbitration agreement should control.

If an estate's claim would be resolved in the claims allowance process, the proceeding should be decided by the bankruptcy court rather than through arbitration.  For example, if the debtor sought to invalidate Vanderbilt's deed of trust or its lien on the mobile home, such a proceeding would be central to Vanderbilt's claim and would be determined in the claims allowance process.

The proceeding before the court is a core proceeding as it is in essence a counterclaim against the claim filed by Vanderbilt, but as in <u>Stern</u> it is an unconstitutional core proceeding because the claims asserted in the proceeding would not be resolved through the claims allowance process. Accordingly, the dispute according to the terms of the contract should be determined through arbitration.

The debtor makes several other arguments against arbitration.  The debtor maintains that he never agreed to arbitrate the claims arising under the North Carolina statute, but clearly the agreement encompasses "statutory claims." Arbitration Paragraph A., Contract  p. 8.  The debtor also argues that his agreement was with Clayton Homes, and not with Vanderbilt, but the agreement contemplates assignment and specifically mentions that Vanderbilt is the assignee. According to the debtor, Mr. Gibson should not be included in the agreement, but the agreement specifically included third

5

parties for "claims arising from facts or circumstances covered by this Arbitration Agreement." Arbitration Paragraph A., Contract p. 8. Finally, the debtor has failed to show that the agreement is unconscionable or that the defendants waived their right to enforce the agreement.

Accordingly, the motion is **ALLOWED**, the dispute should be submitted to arbitration and the proceeding is stayed pending its outcome.

**END OF DOCUMENT**